[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following orders may enter:
1. The marriage of the parties is dissolved upon a finding of irretrievable breakdown.
2. The plaintiff shall have sole custody of the minor child, Mollie, with reasonable rights of visitation with the defendant.
3. The defendant shall pay to the plaintiff as child support the weekly sum of $120 commencing as of July 1, 1993.
4. The defendant shall pay to the plaintiff as alimony the weekly sum of $90 commencing on July 1, 1993, and weekly thereafter until the death of either party, the remarriage of the plaintiff or as may be ordered by future court hearings.
5. Each party shall be solely resposible [responsible] for liabilities as set forth upon their financial affidavits submitted to the court at the hearing on June 23, 1993.
6. Each party shall be responsible for their own Health Insurance coverage and expenses. Each shall also be responsible for one half of the cost of necessary medical treatment rendered to their daughter Mollie. No costs for treatment to Mollie by a psychiatrist or psychologist shall be incurred without the written consent of the party to be charged.
7. If the Plaintiff wishes to insure the life of the defendant she may do so at her sole cost and the defendant is ordered to cooperate and submit to reasonable medical examination at no expense to him. CT Page 6680
8. Real Estate. The plaintiff and Mollie may have exclusive possession of the marital home located at 25 Sherman Avenue, Greenwich, Connecticut, commencing August 1, 1993. The defendant is ordered to have the mortgage reinstated by paying all sums due as of July 31, 1993, and shall use the monies made available to him by his mother. The plaintiff shall be solely responsible for the mortgage payment due August 1, 1993 (including taxes and insurance) and monthly thereafter, together with the utility bills. No repairs shall be made without the written consent of the party to be charged.
If the parties have not agreed in writing as to the sale of said premises before July 1, 1995, either party may apply to the court after said date for an order of sale and a determination of their respective interests as may be found by the court upon the equities then and there existing.
9. The plaintiff shall have no interest or liability either past, present or future in the courier service operated by the defendant.
The previous orders are based upon the weight given to the testimony and exhibits offered into evidence during the June 23, 1993 hearing, and statutory criteria applicable to the facts.
RYAN, J.